IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR-00241- |
| | § | SDJ-AGD |
| SHAWN LEWIS WASHINGTON | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is the request for revocation of Defendant Shawn Lewis Washington's supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on March 6, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Njeri London. The Government was represented by Chris Rapp.

Defendant was sentenced on June 3, 2014, before The Honorable Lee H. Rosenthal of the Southern District of Texas-Houston Division after pleading guilty to the offense of Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. Defendant was subsequently sentenced to 97 months imprisonment followed by a 5-year term of supervised release. Said term of supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, employment restrictions involving a fiduciary role, restitution in the amount of $4,610,829.06, and a $100 special assessment. On November 7, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On October 24, 2023, jurisdiction of the case was transferred, and the case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On February 12, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #10, Sealed). The Petition asserts that Defendant violated seven conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) and (5) (standard) Defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation officer; (3) (special) Defendant shall provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, Defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer; (4) (mandatory) If this judgment imposes a fine or restitution, it is a condition of supervised release that Defendant pay in accordance with the Schedule of Payments sheet of this judgment. Any balance remaining after release from imprisonment shall be paid in equal monthly installments of $300 to commence 60 days after the release to a term of supervision; (6) (special) Defendant is prohibited from employment or acting in a fiduciary role during the term of supervision; and (7) (standard) Defendant shall not leave the judicial district without the permission of the court or probation officer. (Dkt. #10 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted personal financial statements on the following dates: October 27, 2020 (signed October 19, 2020); October 17, 2021; December 12, 2022 (signed December 10, 2022); and May 8, 2023 (signed May 1, 2023). The financial statement submitted by Defendant and received on October 27, 2020, only revealed having Bank of America Account No. 488080040466. Defendant failed to reflect and provide any information pertaining to Bank of America Account No. 488080040479. Bank records reflect Account No. 488080040479 was active during this time. As such, he did not provide accurate financial information. For the financial statements submitted by Defendant and received

on December 12, 2022, and May 8, 2023, Defendant only revealed having Bank of America Account No. 488080040466. He failed to reflect and provide any information pertaining to Bank of America Account No. 488080040479. Bank records reflect Account No. 488080040479 was active during this time. Additionally, Defendant failed to reflect or provide any information pertaining to Bank of America Account No. 488085278741. Bank records reflect Account No. 488085278741 was active during this time. Defendant violated 18 U.S.C. § 1001, by knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation on his personal financial statement. No formal charges have been filed; (2) During a home visit conducted on August 30, 2023, Defendant was asked, by the U.S. Probation Office, if he had any bank accounts, he had not previously disclosed. He denied having any other bank accounts; (3) On September 28, 2023, during a Debtor's Exam held by the Southern District of Texas Financial Litigation Unit (FLU), Defendant verbally admitted to having two additional accounts from Bank of America and advised he purposely failed to notify the U.S. Probation Office of the accounts. The Bank of America accounts discovered in the Debtor's Exam are 488080040479 and 488085278741. Although Defendant had previously provided Bank of America Account No. 488080040479 on the initial personal financial statement, he submitted to the U.S. Probation Office in 2019, he failed to report or reflect this account on any additional financial statements he submitted. Prior to the Debtor's Exam, Defendant had never provided information regarding account 488085278741; (4) According to a credit report received on May 8, 2023, Defendant established a new line of credit with Uplift Incorporated on May 19, 2022. Defendant did not request nor have permission from the U.S. Probation Office to establish said credit line; (5) During the Debtor's exam, Defendant referenced he incurred credit on an American Express account as an authorized user. He had not previously disclosed this credit account nor requested permission

from the U.S. Probation Office. At the time the Amended Petition was prepared, no information about this account has been provided to the U.S. Probation Office; (6) Defendant failed to make payments toward his restitution for the months of March, April, June, August, September and November of 2019; June, July, August, September, October, November and December 2020; and September 2023. The current outstanding balance is $4,527,367.77; (7) On November 7, 2018, Defendant signed a Prob Form 7SA agreeing to make monthly installment payments of $300 beginning on January 7, 2019. By signing this payment agreement, he also agreed to expect to increase his monthly payment if his income increased or expenses decreased. This agreement also advised him he was expected to pay more anytime resources were available and that failure to do so could be interpreted by the Court that he willfully failed to pay to the best of his ability. The agreement further advised him that, as a general rule, no recreational travel would be approved if he had an outstanding fine or restitution balance. According to Defendant's Bank of America bank statements and the verbal statements he made during the Debtor's Exam, there were several instances wherein his bank account contained large financial deposits. This income was not disclosed nor was it applied toward restitution. Based on these statements, the ability to pay more toward restitution existed and he purposely chose not to apply it to restitution. As such, Defendant failed to follow the instructions of the probation officer; (8) During the Debtor's Exam, Defendant verbally admitted to handling financial funds for his employer, DJ46 Logistics, while participating in real estate investments. When questioned why the money was going into his account, he stated his employer was experiencing bank account issues. He further admitted he acted as a middleman for said employer; and (9) During the Debtor's Exam, Defendant verbally admitted to traveling out of the district without permission from the U.S. Probation Office on several occasions. Additionally, according to bank statements from Bank of America bank account 488080040466,

Defendant traveled to Durant, Oklahoma on or about December 22, 2021; on or about January 23, 2023 to New Orleans, Louisiana; on or about February 6, 2023 to New Orleans, Louisiana; on or about April 25, 2022 to Las Vegas, Nevada; on or about December 30, 2022 to Las Vegas, Nevada; on or about January 4, 2023 to Hialeah, Florida; on or about March 1, 2023 to Louisiana and Florida; on or about June 6, 2022 to Philadelphia, Pennsylvania; on or about July 8, 2022 to Nashville, Tennessee; on or about July 25, 2022 to New York; on or about August 10, 2022 to Fort Lauderdale, Florida; on or about September 7, 2023 to Clinton, Maryland; on or about September 12, 2022 to Arlington, Virginia; on or about September 13, 2022 to Miami, Florida; on or about September 14, 2022 to Hialeah, Florida; on or about September 16, 2022 to Miami, Florida; on or about September 30, 2022 to Maryland; on or about October 13, 2022 to Maryland; on or about April 7, 2023 to Louisiana; on or about April 24, 2023 to Louisiana; on or about May 15, 2023 to Florida; on or about May 19, 2023 to Fort Lauderdale, Florida; on or about May 30, 2023 to Nashville, Tennessee; and on or about June 20, 2023 to Baton Rouge, Louisiana (Dkt. #10 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (4) and (7) of the Petition. Having considered the Petition and the plea of true to allegations (4) and (7), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of six (6) months, with a three-year term of supervised release to follow. All prior conditions imposed in the original judgment are reimposed here.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Bastrop or Houston, Texas if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 10th day of June, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE